IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRADLEY B. MILLER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 3:24-CV-1105-D |
| | § | |
| VIRGINIA T. DUNN, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
AND ORDER

Respondent Virginia Dunn's ("Dunn's") May 9, 2024 emergency motion to remand is granted, and this case is immediately remanded to the 330th Judicial District Court of Dallas County, Texas ("330th District Court").

I

Citing 28 U.S.C. §§ 1443, 1331, and 1343 as the basis for federal subject matter jurisdiction, *pro se* petitioner Bradley B. Miller ("Miller") removed this proceeding from the 330th District Court on May 8, 2024—one day before a scheduled hearing on Dunn's application for an emergency temporary restraining order ("TRO") in an ongoing suit affecting parent-child relationship ("SAPCR") involving Miller and Dunn. Dunn filed the instant emergency motion to remand on May 9, 2024 and requested that the court designate Miller a vexatious litigant. The court ordered briefing on an accelerated basis and has received briefs from Miller and Dunn.

This removal is the most recent in a pattern in which Miller removes SAPCR proceedings just before the state court is poised to grant Dunn relief. *See, e.g., Miller v. Dunn*, 2024 WL 1303942, at *1 (N.D. Tex. Mar. 27, 2024) (Brown, J.) ("The parties continued having disputes concerning custody, visitation, and support. And Ms. Dunn twice sought to have the 330th District Court modify the divorce decree's provisions on those issues. Minutes before each of the hearings at which the 330th District Court would sign orders granting Ms. Dunn relief, Mr. Miller tried to obstruct proceedings by filing paperwork attempting to remove the case to federal court." (emphasis omitted; quoting *Miller v. Plumlee*, 2023 WL 3964010, at *1 (Tex. App. — Dallas June 13, 2023, pet. denied))).

## II

Miller maintains once again that 28 U.S.C. § 1443 authorizes removal even where the underlying right is not grounded in racial equality. This theory has been repeatedly rejected in this district and by the Fifth Circuit. "The Supreme Court has construed the 'equal civil rights' language of 28 U.S.C. § 1443 to be limited to those rights grounded in racial equality. Miller makes no such claim. Accordingly, the district court lacked jurisdiction over this removed action under § 1443." *Dunn v. Miller*, 695 Fed. Appx. 799, 800 (5th Cir. 2017) (per curiam) (citing *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)) (collecting cases)); *accord Johnson v. Mississippi*, 421 U.S. 213, 219 (1975); *Texas v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86-87 (5th Cir. 1982); *Easley v. Easley*, 62 F.3d 392, 1995 WL 449817, at *1 (5th Cir. June 28, 1995) (per curiam) (precedential under 5th Cir. R. 47.5.3 as an unpublished opinion issued prior to Jan. 1, 1996). There has been no intervening change in controlling

law that would support the conclusion that § 1443 confers jurisdiction over this removed matter.

### III

The court also lacks jurisdiction under §§ 1331 and 1343, "which provide district courts with original jurisdiction over civil actions that involve rights arising under the Constitution and federal laws." *Tiner v. Cockrell*, 756 Fed. Appx. 482, 483 (5th Cir. 2019) (per curiam).

Assuming that Miller is properly deemed the petitioner in the underlying state-court matter (the emergency motion and reply brief designate him as petitioner), he has not pleaded a federal-question claim in his state-court well-pleaded complaint. In fact, it is Dunn who filed the instant application for an emergency TRO, *see* ECF No. 15-2, and she does not allege a federal-question claim. Miller appears to argue that the SAPCR proceeding itself (or issues related to that proceeding) has violated his constitutional rights. But a federal question is not present in the underlying state family law proceeding.

If Miller is properly considered a respondent (because it is Dunn who filed the TRO application, and Miller who opposed it), his contentions are necessarily raised either as defenses or counterclaims. But neither a defense nor a counterclaim, even one based in federal law or raising a disputed question of federal law, will support federal question jurisdiction for purposes of removal. *See Vaden v. Discover Bank*, 556 U.S. 49, 60, 62 (2009); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002).

The court therefore lacks jurisdiction over this removed matter, and an immediate remand is required. *See* 28 U.S.C. § 1447(c); *Lutostanski v. Brown*, 88 F.4th 582, 587 (5th Cir. 2023). The court need not consider Dunn's contentions in her motion and reply that Miller's removal was untimely.

IV

The court declines to designate Miller a vexatious litigant at this time, but it warns him that he could be designated a vexatious litigant if he persists in removing cases where the federal court lacks jurisdiction.

\* \* \*

Dunn's May 9, 2024 emergency motion to remand is granted. Pursuant to 28 U.S.C. § 1447(c), the court holds that it lacks subject matter jurisdiction, and it immediately remands this matter to the 330th Judicial District Court of Dallas County, Texas. The clerk shall immediately effect the remand in accordance with the usual procedure.

**SO ORDERED**.

May 15, 2024.

SIDNEY A. FITZWATER
SENIOR JUDGE